

**FILED**
JUN 17 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GAVIN OSUNA,
Plaintiff,

vs.

RIVER DELTA UNIFIED SCHOOL DISTRICT;
KATHERINE WRIGHT, individually; and
ROYCE CORNELSON, individually,
Defendants.

Case No. 2:25-cv-1699 DC AC

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**
(42 U.S.C. § 1983 – First and Fourteenth Amendments:
Free Speech, Due Process, and Equal Protection Violations)

**DEMAND FOR JURY TRIAL**
(Fed. R. Civ. P. 38)

# INTRODUCTION

1. Plaintiff GAVIN OSUNA brings this civil rights action under 42 U.S.C. § 1983 to seek redress for violations of his constitutional rights by River Delta Unified School District and individual employees Katherine Wright and Royce Cornelson.

2. On September 5, 2023, while Plaintiff was still a minor, he was suspended from school without notice or the opportunity to be heard, in violation of his Fourteenth Amendment right to procedural due process.

3. The disciplinary action occurred after Plaintiff was involved in a social media post on or about September 4, 2023. This sequence suggests viewpoint-based retaliation and unequal application of disciplinary policy.

4. Plaintiff turned 18 on February 3, 2025, and now brings this action in his own name. These claims are independent of any action previously filed by or on behalf of his parents and are not barred by the California Government Claims Act.

1

5. Plaintiff seeks declaratory relief, compensatory damages, and all other relief available under federal law.

6. This action arises under federal law and asserts distinct constitutional claims under the First and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. Although certain factual allegations may also have been referenced in a separate state proceeding, the federal claims herein were not litigated or adjudicated on the merits and are properly brought in this Court.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Sacramento County, California, within the Eastern District of California.

**PARTIES**

9. Plaintiff GAVIN OSUNA is a resident of Sacramento County, California. At the time of the incidents described herein, he was a minor. He turned 18 on February 3, 2025, and now brings this action in his own name.

10. Defendant RIVER DELTA UNIFIED SCHOOL DISTRICT is a public entity responsible for the operation of public schools in Solano County, California.

11. Defendant KATHERINE WRIGHT is an employee of River Delta Unified School District and is sued in her individual capacity for acts taken under color of state law.

12. Defendant ROYCE CORNELSON is an employee of River Delta Unified School District and is

2

sued in his individual capacity for acts taken under color of state law.

**FACTUAL ALLEGATIONS**

13. On or about September 5, 2023, Plaintiff was called out sick by his parents in accordance with California education code § 48205. Two days later, on September 7, 2023, a physician provided a written note confirming plaintiff's medical condition. Despite being legally excused, school administrators imposed a disciplinary suspension against Plaintiff while he remained absent, without providing notice of the alleged violation or an opportunity to respond, in violation of his constitutional due process rights

14. The suspension followed Plaintiff's social media post on or about September 4, 2023, even though the post did not materially disrupt school operations or violate and education code and was protected under the First Amendment.

15. Plaintiff was not given formal notice of the allegations or any opportunity to contest the disciplinary action either before or after the suspension was imposed.

16. At the time, Plaintiff was 17 years old and was not provided with a guardian or advocate to assist in defending against the suspension.

17. Plaintiff alleges that other similarly situated students were not disciplined under comparable circumstances, indicating discriminatory or retaliatory application of school policy.

18. As a result of the suspension, Plaintiff suffered reputational harm, emotional distress, educational disruption, and long-term academic consequences.

**Exhibit A**: September 5, 2023, Suspension Notice
**Exhibit B**: Doctor's Note or medical documentation

3

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

Violation of Procedural Due Process – Fourteenth Amendment 42 U.S.C. § 1983 – Against All Defendants

19. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

20. The Due Process Clause of the Fourteenth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of law.

21. Plaintiff had a constitutionally protected interest in his education and reputation.

22. Defendants suspended Plaintiff from school without providing adequate notice, explanation of the charges, or an opportunity to be heard in a meaningful way.

23. Plaintiff was not provided with the procedural safeguards required under *Goss v. Lopez, 419 U.S. 565 (1975)*, including a hearing, written notice, or the chance to respond.

24. These actions constitute a deprivation of Plaintiff's rights to due process, in violation of the Fourteenth Amendment.

## SECOND CAUSE OF ACTION

Violation of Equal Protection – Fourteenth Amendment 42 U.S.C. § 1983 – Against All Defendants 24. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

25. The Equal Protection Clause of the Fourteenth Amendment prohibits the state from treating similarly situated individuals differently without a rational basis.

4

26. Plaintiff was treated differently than similarly situated students who engaged in comparable or more egregious conduct but were not suspended.

27. Defendants failed to apply school policy in a consistent, nondiscriminatory manner and instead imposed discipline arbitrarily and in retaliation for Plaintiff's protected speech.

28. These actions violate Plaintiff's right to equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. A declaration that Defendants' actions violated Plaintiff's constitutional rights under the Fourteenth Amendment;

2. Compensatory damages in an amount to be proven at trial for emotional distress, reputational harm, and educational disruption;

3. Punitive damages against Defendants Wright and Cornelson for willful and malicious conduct;

4. Injunctive relief directing the removal of the suspension from Plaintiff's educational records and prohibiting future retaliation;

5. Costs of suit and attorneys' fees under 42 U.S.C. § 1988;

6. Any additional relief the Court deems just and proper.

Dated:  06/14/2025

Respectfully submitted,

*Gavin Osuna*

---

Gavin Osuna

Plaintiff, Pro Se

6460 Driftwood Street Sacramento, CA 95831

Gavinosuna04@gmail.com

5

279-800-1142

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN OSUNA,<br>Plaintiff,<br><br>vs.<br><br>RIVER DELTA UNIFIED SCHOOL DISTRICT;<br>KATHERINE WRIGHT, individually; and<br>ROYCE CORNELSON, individually,<br>Defendants. | Case No.<br><br>**Declaration Gavin Osuna** |

Declaration of Gavin Osuna

I, Gavin Osuna, declare as follows:

1. I am the Plaintiff in this action and am representing myself in a pro se capacity.

2. I have a disability that affects my ability to manage certain administrative, organizational, and legal tasks.

3. I am receiving non-legal, disability-related support and advocacy from Tuesday Seales-Perkins. She is assisting me only with communication, organization, and accessibility-related support as permitted under federal disability statutes.

4. Ms. Seales-Perkins is not acting as my attorney, nor providing legal advice or representation.

5. I understand that I am the party responsible for the content and direction of this filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

1

Executed on 06/15/2025 in Sacramento, CA

*Gavin Osuna*
Gavin Osuna

Plaintiff Pro Se

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GAVIN OSUNA,
Plaintiff,

vs.

RIVER DELTA UNIFIED SCHOOL DISTRICT;
KATHERINE WRIGHT, individually; and
ROYCE CORNELSON, individually,
Defendants.

Case No.

**Declaration Tuesday Seales-Perkins**

Declaration of Tuesday Seales-Perkins

I, Tuesday Seales-Perkins, declare as follows:

1. I am a disability advocate and support person to Gavin Osuna, who is the pro se Plaintiff in this action. I have supported Gavin Osuna for over ten years.

2. Gavin has a disability that affects his ability to complete procedural legal tasks independently. I am providing accessibility support, including scheduling, formatting, and communication assistance.

3. I am not an attorney, and I am not representing Mr. Osuna as legal counsel in this matter.

4. My involvement is limited to lay advocacy and disability-related support, consistent with the rights of disabled individuals to receive meaningful assistance with communication and access to court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 06/15/2025 in Sacramento, CA

1

1 *Tuesday Seales-Perkins*
2 Tuesday Seales-Perkins

2

Exhibit A-Doctor's Note Re: Gavin Osuna
September 7, 2023


**Sutter Medical Group**
Affiliated with Sutter Medical Foundation

September 7, 2023

RE: Gavin Osuna
MR Number: 55813593
Date of Birth: 2/3/2007

To whom it may concern,

Due to an exacerbation of his chronic condition, please allow for home instruction for Gavin for the period of 9/7/23-9/17/23.

Sincerely,

Omar Ahmed, M.D.
Department of Pediatrics

Exhibit B- Suspension Notice: Gavin Osuna
(River Delta USD, Dated Sept. 5 2023)

445 Montezuma
Rio Vista, California 94571-1651
(707) 374-1700   Fax (707) 374-2995

September 5, 2023

Nessa and Jeffrey Osuna
6460 Driftwood Street
Sacramento, CA 95831

To the Parents of Gavin Osuna,

Your child's inter-district transfer application from Sacramento City Unified School District for the 2023-24 school year was approved on April 18, 2023. However, after reviewing his current status, we regret to inform you that the application is being revoked immediately based on the terms of the signed Interdistrict Transfer Permit (ITP).

The ITP is being revoked based on the violation of the terms listed below:

10c) If a student has any suspendable offenses and/or the pupil has a behavior support plan;

See supporting documentation attached.

It is the parent/guardian's responsibility to see that their student is registered in a school in your district of residence. A copy of this letter revoking the 2023-2024 Interdistrict Transfer Permit and attachments have been sent to your district of residence, Sacramento City Unified School District.

Per signed agreement, revocation of an ITP may not be appealed to the County Board of Education.

Should you have any question, please contact Jennifer Gaston in the Superintendent's Office of the River Delta USD at (707) 374-1711 or jgaston@rdusd.org.

Student Enrollment
445 Montezuma Street
Rio Vista, CA 94571
(707) 374-1700

*Creating Excellence to Ensure That All Students Learn*

Bates School          Isleton School       Walnut Grove School        Delta High School        Wood River School
Clarksburg Elementary  Riverview School    D.H. White Elementary      Rio Vista High School    Mokelumne High School
                                           River Delta High/Elementary School

OK yl 1-26-2023
RCVD 1/20/23

# SACRAMENTO CITY UNIFIED SCHOOL DISTRICT
## Application for Interdistrict Transfer Permit (ITP)
(Grades TK-12)

☐ New ITP Application  ☐ ITP Renewal  Must attach: Current report card/transcript, discipline, & attendance records from last school of attendance.

Student Last, First Name: Osuna, Gavin
Current School Year: 22/23  ITP Requested School Year(s): 23/24
Current Grade: 10  ITP Requested Grade(s): 11
Date of Birth: 2/3/07
Legal Parent/Guardian: Nessa Osuna
Email: nessaosuna@gmail.com
Cell #: 279-800-1279  Home #: 916-456-2177  Work #: 916-460-2144
Home Address: 6460 Driftwood Street  City: Sacramento  Zip: 95831
District: River Delta Unified School District
Last School Attended: Delta High School  District: SACRAMENTO CITY UNIFIED SCHOOL DISTRICT
School of Residence: Kennedy High School  District: River Delta Unified School District
Requested School: Delta High School
(*Enrolling School District Shall Decide School of Enrollment)

Applicant must attach written documentation to justify each reason(s) for the transfer request. These reasons are further explained on next page, section 4.

☐ Romero Open Enrollment Request  API of (Romero) School of Residence ___
☐ Child Care (TK-8)  (Letter & Proof of Residency from Provider)
☐ Parent Employment  (Proof of Employment, showing work address)
☐ Academic Program Outside of District  (Acceptance Letter)
☐ Health and Safety  (Letter of Explanation and/or Doctor's Note)
■ Sibling on Current Approved ITP  (Proof of Sibling Attendance)
☐ Complete Current School Year  ☐ Complete Final Two Years at Current School
☐ SARB/Probation/CPS Ordered Placement  (Court Documents)
☐ Planned Relocation into District within 60 Days  (Lease/Loan Docs)
☐ Other  (Letter of Explanation)

Is The Student Currently Pending Disciplinary Action Or Under An Expulsion Order?  ☐ YES ☒ NO
Is Student A Foster Youth?  ☐ YES ☒ NO

SPECIAL SERVICES? (check all that apply)
☐ GATE  (Proof of Enrollment)
■ Section 504 Plan  (Copy of 504 Plan)
☐ English Learner  (Proof of Enrollment)

SPECIAL EDUCATION SERVICES?  ☐ YES ☒ NO  Pending Assessment?  ☐ YES ☒ NO
Currently Receives Services?  ☐ YES ☒ NO  (Must Attach Most Recent IEP)

PARTICIPATION IN SPORTS – If the pupil participates in any athletic program governed by the California Interscholastic Foundation (CIF), he/she may not be eligible to participate at the new school. The parent/guardian should check the CIF rules before submitting an application.

BY MY SIGNATURE BELOW, I certify that to the best of my knowledge the information provided in this application is true and correct. I understand that issuance of a permit does not guarantee initial enrollment at the requested school site, and the district of attendance has discretion to determine the appropriate school site. I am agreeing to the Terms of Agreement on Page 2 of this document. I attest that I am the legal parent/guardian with custodial and educational rights.

Legal Parent/Guardian's Signature  x Nessa Osuna (signed electronically)  Date: 1/20/23

This application for Interdistrict Transfer and attendance and any approved Interdistrict Transfer Permit (ITP) are governed by the Terms of the Interdistrict Transfer and Attendance Agreement on page 2 of this document.

INTERDISTRICT ATTENDANCE PERMIT (GRADES TK-12) FOR SCHOOL YEARS 2023-2024 Segment *
*ITP Term to be completed by enrolling district in consultation with district of residence. ITP Term is not to exceed 5 school years or the date the pupil is expected to transition from one school to another within the enrolling district.

| RESIDENT SCHOOL DISTRICT: | ☐ GRANTED ☐ DENIED | REQUESTED / ENROLLING DISTRICT: | ☒ GRANTED ☐ DENIED |
|---|---|---|---|
| Reason(s) for denial: | | Reason(s) for denial: | |
| Authorized Signature | Date | Authorized Signature | Date 4/18/23 |
| Special Education Only: | | Special Education Only: | |
| Authorized Special Education Signature | Date | Authorized Special Education Signature | Date |

Revoked 9/5/23

Page 1 of 2

# INTERDISTRICT TRANSFER AND ATTENDANCE AGREEMENT (GRADES TK-12)
## (ITP AGREEMENT)

This Agreement is made between the Governing Boards of the resident and requested school district in accordance with the provisions of Education Code sections 35160 and 46600 et seq. The school districts and parent(s)/pupil are referred to in this Agreement individually as a "Party," and collectively as the "Parties." This Agreement applies only to these parties. Enrollment through an interdistrict transfer permit (ITP) is subject to continued enrollment. If the pupil disenrolls after the ITP has been granted or moves out of the district of residence into another district, the parent/pupil must reapply for a new ITP.

### TERMS OF AGREEMENT

The Parties agree as follows:

1. **Effectiveness of Agreement.** This Agreement shall become effective as soon as the affected school districts' Governing Boards or designees have ratified the Agreement. This Agreement is effective only with regard to students in grades TK-12 who are enrolled in grade levels mutually maintained by the Parties.
2. **Term of Agreement.** Pursuant to Education Code section 46600, subdivision (a), the term of this Agreement shall be effective for the dates indicated on page 1. The Agreement will govern interdistrict transfers of the Parties' students for the term of the Agreement.
3. **Reapplication Requirements.** A pupil with an ITP must reapply for a new ITP before being promoted to middle or high school or before transitioning from one school to another in the district. A pupil with an ITP to attend an alternative school in the district must reapply annually. In deciding whether to grant a subsequent ITP, in addition to the factors listed in sections 4 and 5, the district may require the pupil to have met the following standards: 95% attendance rate; 2.0 GPA or satisfactory marks in TK-6; and a satisfactory discipline record (including no discipline issues for which the ITP could be revoked under paragraph 10).
4. **Terms and Conditions for Permitting a Transfer.** The Governing Board or designee may approve an ITP for a student under this Agreement based upon any of the following reasons:
   - ☐ Student is enrolled or accepted in a program not available in the district of residence;
   - ☐ To meet the student's special mental, physical, educational, health, or safety needs as certified by a physician, school psychologist or other appropriate school, medical, or law enforcement personnel;
   - ☐ As set forth in Education Code section 46600(b), when school personnel have determined that pupil has been the victim of bullying;
   - ☐ When recommended by the School Attendance Review Board, county child welfare, probation or a social service agency in documented cases of serious home or community issues that make it inadvisable for the student to attend in the district of residence;
   - ☐ When a student has siblings concurrently attending the same requested school;
   - ☐ When parent(s)/guardian(s) provide sufficient written evidence, as required by the district that the family will be moving to a new district within 60 days and would like the student to start the year in the new district;
   - ☐ To allow a student to remain in their current school within two years of graduation or promotion from that school;
   - ☐ The pupil's desire to remain in his/her school of current attendance for the balance of the semester or school year despite his/her parent's or guardian's change of address;
   - ☐ To address the childcare needs of the student in grades TK-8;
   - ☐ Parent/guardian's employment is inside the requested district. (Ed. Code, § 48204.) (This is a residency determination and may not be appealed);
   - ☐ To meet the conditions of the Open Enrollment Act. (Ed. Code, § 48350 et seq.).

   When there are special circumstances for compelling educational or personal reasons beyond those stated above, the request will be referred to the Governing Board or Designee for a final decision;

5. **Terms or Conditions for Denying a Transfer.** The Governing Board or designee of the school district may deny an ITP for a student under this Agreement based upon any of the following reasons:
   - ☐ If school facilities are overcrowded at the relevant grade level;
   - ☐ If district resources are limited;
   - ☐ If district determines that pupil grades, attendance, or behavior are unsatisfactory for district program; or
   - ☐ Any other consideration so long as it is not arbitrary.
6. **Notice of Denial of Transfer.** Written notice of the denial of an ITP shall be provided by the district denying the request. Written notice of the denial of an ITP shall, in all instances, advise the parent/guardian of the student whose ITP has been denied of all information required by Education Code section 46601.
7. **District Appeal Process.** A parent/pupil must exhaust all appeals within the district before he/she may appeal the denial of an interdistrict transfer to the County Board of Education. (Ed. Code, § 46601.)
8. **Transportation.** Unless otherwise agreed to or provided for by law, a student attending a school other than his/her district of residence under this Agreement is not entitled to and shall not receive home to school transportation from either his/her district of residence or district of attendance.
9. **Costs of Transfer Students.** Unless otherwise specifically provided for by law, the costs associated with the education provided to and services rendered for transfer students under this Agreement shall not be the responsibility of the district of residence.
10. **Terms for Revocation of an ITP.** Except as otherwise limited herein, the Parties agree that an ITP may be revoked before the conclusion of the school year based upon the grounds listed below. Revocation of an ITP may not be appealed to the County Board.
    - a. If a student does not maintain a 95% attendance rate and/or a SART or SARB has been held;
    - b. If a student does not maintain a 2.0 GPA in grades 7-10 or satisfactory marks in TK-6;
    - c. If a student has any suspendable offenses and/or the pupil has a behavior support plan;
    - d. If a student is recommended for expulsion; or
    - e. If determined that information provided to support an ITP application is inaccurate, invalid, falsified, or no longer applies.

    However, once an ITP has been approved, the enrolling district may not revoke a student's existing ITP because of overcrowded facilities.